**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| PROTEUS DIGITAL HEALTH, INC., | |
| Plaintiff, | |
| | CIVIL ACTION NO.: |
| v. | |
| PROTEUS BIOMEDICAL, LLC; MICHAEL CICHY; and DAVID CICHY, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**

Plaintiff Proteus Digital Health, Inc. (formerly Proteus Biomedical, Inc.) (hereinafter "Proteus Digital"), by and through its attorneys, alleges as follows:

**NATURE OF ACTION**

This is an action for trademark infringement, false designation of origin, and unfair competition under the trademark and unfair competition laws of the United States, 15 U.S.C. §§ 1051 *et seq.* (also referred to as the "Lanham Act"), and the laws of the State of Texas.  Proteus Digital brings this action based on defendants' unauthorized past, current, and planned use of the PROTEUS and PROTEUS BIOMEDICAL marks (hereinafter the "Infringing Marks") for medical equipment and supplies, which use is likely to be confused with Proteus Digital's federally registered mark PROTEUS® for, among other things, therapeutic devices and pharmaceutical systems.

**PARTIES**

1.      Proteus Digital is a corporation organized and existing under the laws of Delaware, and its headquarters is located at 2600 Bridge Parkway, Suite 101 Redwood City, California 94056.

2.      Upon information and belief, Proteus Biomedical is a corporation organized and existing under the laws of Texas, and has a business address of 5346 Beacon Hill Drive, Frisco, Texas 75034.

3.      Upon information and belief, Michael Cichy is a natural person residing at 4304 Firebrick Lane, Dallas, Texas.

4.      Upon information and belief, David Cichy is a natural person residing at 5346 Beacon Hill Drive, Frisco, Texas 75034.

## JURISDICTION AND VENUE

5.      This is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and related state law causes of action.  The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  The Court has supplemental jurisdiction over the Texas state law claims pursuant to 28 U.S.C. § 1367.

6.      Personal jurisdiction is proper in the United States District Court for the Eastern District of Texas because Defendants Proteus Biomedical, LLC (hereinafter "Proteus Biomedical"), Michael Cichy, and David Cichy are all residents of this district and/or the improper conduct alleged in this Complaint occurred in this district.

7.      Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in the district, and upon information and belief, Proteus Biomedical, Michael Cichy, and/or David Cichy are residents of this district and/or have used the Infringing Marks in this judicial district.  Additionally, the acts complained of herein have and will continue to have, substantial effects in this district.

## INTRA-DISTRICT ASSIGNMENT

8.      This action arises in Collin and Denton counties because a substantial part of the

events giving rise to the claim occurred in Collin and Denton counties.  Furthermore, upon information and belief, Proteus Biomedical, Michael Cichy, and/or David Cichy are residents of Collin and Denton counties and/or have used the Infringing Marks in Collin and Denton counties.

**FACTUAL BACKGROUND**

A.      **Proteus Digital's Valuable Mark**

9.      Proteus Digital is and has been in the business of producing and selling ingestible medicated sensors, pharmaceutical systems, and medical devices for use in gathering data for patient treatment ("Proteus Goods") under the PROTEUS® mark.  Proteus Digital is currently using and has used the PROTEUS® mark continuously in interstate commerce to identify and to distinguish the Proteus Goods from those made and sold by others.

10.      On March 2, 2007, Proteus Digital's predecessor filed U.S. Trademark Application Serial No. 77/981,774 for registration of the PROTEUS® mark for the Proteus Goods in International Classes 5 and 10 (hereinafter "Proteus Digital's Application").  On May 17, 2011, the U.S. Patent and Trademark Office issued to Proteus Digital's predecessor U.S. Trademark Registration No. 3,963,272 for the mark on the Principal Register (hereinafter "Proteus Digital's Registration"). A copy of Proteus Digital's Registration is attached hereto as Exhibit A and incorporated herein by reference.  Proteus Digital's Registration is valid and enforceable.

11.      Proteus Digital enjoys substantial consumer recognition and valuable goodwill in its PROTEUS® mark owing to Proteus Digital's substantially exclusive and continuous use of the PROTEUS® mark, together with the inherently distinctive nature of the mark.  As such, the trade and public have come to identify the PROTEUS® mark as an indication that the Proteus Goods originate exclusively from Proteus Digital.

**B.      The Unlawful Activities**

12.     Proteus Biomedical is and has been using the Infringing Marks in connection with its sale of medical equipment and supplies.  This use includes use as its trade name and in connection with a range of promotional advertising.  Upon information and belief, Proteus Biomedical began using the PROTEUS mark for medical equipment and supplies in 2011, after Proteus Digital began using its PROTEUS® mark for therapeutic devices and pharmaceutical systems, after the filing date of Proteus Digital's Application, and after the issue date of Proteus Digital's Registration.

13.     Upon information and belief, all of Proteus Biomedical's activities and operations are controlled by its managing partners, Mr. Michael Cichy and Mr. David Cichy.

14.     Michael Cichy's LinkedIn profile previously improperly associated him with Proteus Digital by listing him as the Managing Partner of "Proteus Biomedical," which linked to Proteus Digital's company profile page.  http://www.linkedin.com/pub/michael-cichy/5/30b/823.

15.     David Cichy's LinkedIn profile lists him as the Managing Partner of "Proteus Biomedical, LLC" which improperly associates him with Proteus Digital by linking to current and former employees of Proteus Digital.  http://www.linkedin.com/profile/view?id=141102.

16.     On or about May 2, 2013, Proteus Digital's counsel sent a letter to Michael Cichy, advising him of Proteus Digital's exclusive rights in the PROTEUS® mark for medical devices and supplies, Proteus Digital's objection to Proteus Biomedical's use of the Infringing Marks in connection with medical equipment and supplies, and Proteus Digital's demand that Proteus Biomedical cease using the Infringing Marks.

17.     In response to the demand letter, the link to Proteus Digital's company profile page was removed from Michael Cichy's LinkedIn profile.  However, Proteus Biomedical has refused to comply with Proteus Digital's demand that it cease all use of the Infringing Marks.

Proteus Biomedical willfully and intentionally continues to use the Infringing Marks, despite its constructive and actual knowledge of Proteus Digital's exclusive trademark rights and the likelihood of confusion caused by its ongoing infringing use of these marks.

18.     Proteus Digital has not consented to Proteus Biomedical's use of the Infringing Marks or any other similar mark, nor has Proteus Digital sponsored, endorsed, or approved the goods offered or promoted by Proteus Biomedical.

19.     Upon information and belief, Proteus Biomedical intentionally, willfully and deliberately adopted the Infringing Marks, which are identical and/or confusingly similar to Proteus Digital's PROTEUS® mark to mislead and confuse consumers into believing that Proteus Biomedical's goods are provided, sponsored, or approved by Proteus Digital to unlawfully take advantage of the goodwill Proteus Digital has worked so hard to develop over many years.

20.     As a direct and proximate result of Proteus Biomedical's conduct as set forth above, Proteus Digital has been and will continue to be irreparably injured.

21.     Proteus Biomedical's conduct is continuing and will continue, constituting an ongoing threat to Proteus Digital and the public.  Unless Proteus Biomedical is restrained and enjoined from engaging in the wrongful conduct described herein, Proteus Digital will suffer irreparable injury to its goodwill and reputation.  It would be difficult to ascertain the amount of compensation that could afford Proteus Digital adequate relief for the acts of Proteus Biomedical, present and threatened, and Proteus Digital's remedy at law is not adequate to compensate it for said harm and damage.

## FIRST CLAIM FOR RELIEF
Trademark Infringement – Lanham Act § 32, 15 U.S.C. § 1114
(against Proteus Biomedical)

22.     Proteus Digital incorporates by reference the allegations set forth in the

paragraphs above, as if fully set forth herein.

23.     With constructive and actual notice of Proteus Digital's PROTEUS® mark as of the issue date of Proteus Digital's Registration, Proteus Biomedical, without Proteus Digital's authorization or consent, has offered for sale, sold, advertised, promoted, and distributed its medical equipment and supplies under the Infringing Marks.

24.     The Infringing Marks are identical and/or confusingly similar to Proteus Digital's PROTEUS® mark.

25.     Proteus Biomedical uses the Infringing Marks in commerce on goods that are identical or highly similar to the Proteus Goods.

26.     Proteus Biomedical's actions have caused, and are likely to continue to cause, confusion, mistake, and deception by or among consumers, purchasers, or the relevant public.

27.     Proteus Biomedical's use of the Infringing Marks, which are confusingly similar to Proteus Digital's PROTEUS® mark, in a similar manner and in connection with identical or highly similar goods, constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1).

28.     As a direct and proximate result of Proteus Biomedical's activities as alleged above, Proteus Digital has suffered damage.  Unless Proteus Biomedical is restrained by the Court, it will continue and/or expand its unlawful activities alleged above by: a) infringing Proteus Digital's registered PROTEUS® mark; b) otherwise continuing to cause irreparable damage and injury to Proteus Digital's goodwill, reputation, and the ability of Proteus Digital to control the use of its mark.  No amount of money damages can adequately compensate Proteus Digital if it loses the ability to control the use of its mark, reputation, and goodwill because of the false and unauthorized use of the Infringing Marks.  Proteus Digital is therefore entitled to injunctive relief prohibiting Proteus Biomedical from using the Infringing Marks or any other

logo, trademark, or designation which is likely to be confused with the PROTEUS® mark.

29.    Because Proteus Biomedical's actions have been committed willfully and with intent to profit from Proteus Digital's goodwill in the PROTEUS® mark, this is an exceptional case and Proteus Digital is entitled to recover Proteus Biomedical's profits together with Proteus Digital's damages, trebled, costs of the action, and reasonable attorney fees pursuant to the Lanham Act, 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
### False Designation of Origin – Lanham Act § 43(a), 15 U.S.C. § 1125(a)
### (against Proteus Biomedical)

30.    Proteus Digital incorporates by reference the allegations set forth in the paragraphs above, as if fully set forth herein.

31.    Proteus Biomedical's use in commerce of the Infringing Marks, which are substantially identical and confusingly similar to Proteus Digital's PROTEUS® mark, in a similar manner and in connection with identical or highly similar goods, constitutes a false designation of origin within the meaning of the Lanham Act, 15 U.S.C. § 1125(a).  Proteus Biomedical's conduct is likely to cause confusion, mistake, or deception as to Proteus Biomedical's affiliation, connection, or association with Proteus Digital or as to the origin, sponsorship or approval of Proteus Biomedical's goods in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1).

32.    As a direct and proximate result of Proteus Biomedical's activities as alleged above, Proteus Digital has suffered damage.  Unless Proteus Biomedical is restrained by the Court, it will continue and/or expand its unlawful activities alleged above by: a) infringing Proteus Digital's registered PROTEUS® mark; b) otherwise continuing to cause irreparable damage and injury to Proteus Digital's goodwill, reputation, and the ability of Proteus Digital to control the use of its mark.  No amount of money damages can adequately compensate Proteus

Digital if it loses the ability to control the use of its mark, reputation, and goodwill because of the false and unauthorized use of the Infringing Marks.  Proteus Digital is therefore entitled to injunctive relief prohibiting Proteus Biomedical from using the Infringing Marks or any other logo, trademark, or designation which is likely to be confused with the PROTEUS® mark.

33.     Because Proteus Biomedical's actions have been committed willfully and with intent to profit from Proteus Digital's goodwill in the PROTEUS® mark, this is an exceptional case and Proteus Digital is entitled to recover Proteus Biomedical's profits together with Proteus Digital's damages, trebled, costs of the action, and reasonable attorney fees pursuant to the Lanham Act, 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
Trademark Infringement– Texas Common Law
(against Proteus Biomedical)

34.     Proteus Digital incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

35.     Proteus Digital's use of PROTEUS® mark predates any alleged use by Proteus Biomedical in the United States.

36.     The aforesaid acts of Proteus Biomedical constitute trademark infringement in violation of common law.

37.     The acts of Proteus Biomedical alleged above were committed willfully, with full knowledge of Proteus Digital's rights, and with the intention of deceiving and misleading the public and causing harm to Proteus Digital.

38.     As a direct and proximate result of Proteus Biomedical's infringing and unlawful acts, Proteus Digital has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

39.     Unless enjoined by this Court, the acts of Proteus Biomedical complained of

herein will cause Proteus Digital to suffer irreparable harm for which there is no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
Unfair Competition – Texas Common Law
(against all defendants)

40.     Proteus Digital incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

41.     The aforesaid acts of Proteus Biomedical, Michael Cichy, and David Cichy, including the acts of association with Proteus Digital, constitute unfair competition in violation of common law.

42.     The acts of Proteus Digital, Michael Cichy, and David Cichy alleged above were committed willfully, with full knowledge of Proteus Biomedical's rights, and with the intention of deceiving and misleading the public and causing harm to Proteus Biomedical.

43.     As a direct and proximate result of Proteus Digital, Michael Cichy, and David Cichy's infringing and unlawful acts, Proteus Biomedical has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

44.     Unless enjoined by this Court, the acts of Proteus Digital, Michael Cichy, and David Cichy complained of herein will cause Proteus Digital to suffer irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR JUDGMENT

WHEREFORE, Proteus Digital prays that the Court grant it the following relief:

45.     That Proteus Digital's registered PROTEUS® mark be adjudged to have been infringed as a direct and proximate result of Proteus Biomedical's acts, in violation of Proteus Digital's rights;

46.     That Proteus Biomedical be adjudged to have competed unfairly with Proteus

Digital in violation of Proteus Digital's rights and that such violation was willful;

47.     That Proteus Biomedical and its agents, employees, successors, assigns, affiliates, joint venturers, and any person(s) in active concert in participation with it, and/or any person(s) acting for, with, by or through it, be permanently enjoined from using or authorizing any third party to use the Infringing Marks, or any other logo, trademark, or designation which is likely to be confused with Proteus Digital's PROTEUS® mark;

48.     That Proteus Biomedical and its agents, employees, successors, assigns, affiliates, joint venturers, and any person(s) in active concert in participation with it, and/or any person(s) acting for, with, by or through it, be ordered to destroy all labels, signs, prints, packages, wrappers, receptacles and advertisements bearing the Infringing Marks or any other word, term, name, symbol, device, combination thereof, designation or representation that is likely to be confused with Proteus Digital's PROTEUS® mark, and all plates, molds, matrices and other means of making the same;

49.     An award of monetary damages that takes into account Proteus Biomedical's profits and actual damages sustained by Proteus Digital;

50.     An order finding this case is an exceptional case and an award of treble damages, reasonable attorneys' fees, and legal costs of the suit;

51.     An award of prejudgment and post-judgment interest on any monetary award; and

52.     Such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Proteus Digital Health, Inc. hereby demands trial by jury as to all issues in this action triable by a jury.

Dated: March 12, 2014                                        Respectfully submitted,


By: */s/ Allen F. Gardner*
Michael E. Jones
SBN: 10929400
John F. Bufe
SBN: 03316930
Allen F. Gardner
SBN: 24043679
Potter Minton, A Professional Corporation
110 North College, Suite 500
Tyler, TX  75702
Tel:  903-597-8311
Fax:  903-593-0846
Email: mikejones@potterminton.com
Email:  johnbufe@potterminton.com
Email: allengardner@potterminton.com

ATTORNEYS FOR PLAINTIFF
Proteus Digital Health, Inc.